398 P.2d 442

BOARD OF TRUSTEES OF JOINT CLASS
A SCHOOL DISTRICT #151 IN CASSIA
AND in TWIN FALLS COUNTIES, and
Kirby Wilson, William Darrington, Bruce
Young, William Bruesch and W. B. White-
ley, constituting the members of the said
Board of Trustees, Plaintiffs-Appellants,

v.

The BOARD OF COUNTY COMMISSION-
ERS OF CASSIA COUNTY, Idaho, and
John A. Clark, J. Weldon Beck and Orvil
Beecher, constituting the members of the
said Board of County Commissioners of
Cassia County, Idaho, and Frank B.
Kearns, County Auditor and Clerk of the
Board of County Commissioners, Cassia
County, Idaho, Defendants-Respondents.

No. 9443.

Supreme Court of Idaho.

Jan. 21, 1965.

Herman E. Bedke, Burley, for appellants.

Allan G. Shepard, Atty. Gen., and Stephen W. Boller, Asst. Atty. Gen., Boise, Richard K. Smith, Prosecuting Atty., Burley, for respondents.

TAYLOR, Justice.

The plaintiff (appellant) board of trustees of Joint Class A School District No. 151, brought this action for a writ of mandate to compel defendant (respondent) board of county commissioners of Cassia County, to levy a tax on all the taxable property in the county sufficient to raise the sum of $36,100.37, representing a deficit in said school district's apportionment from the public school income fund.

Upon trial, one witness testified in behalf of plaintiff. Other facts involved were stipulated by the parties.

In 1961 the 36th session of the legislature appropriated to the public school income fund, the sum of $33,000,000.00 for the purpose of paying the state's share of the public school equalization program for the 1961–1963 biennium. (S.L.1961, c. 92).

The state board of education, pursuant to I.C. § 33–1011, as amended in 1961 (S.L. 1961, c. 331, § 13) on or prior to the second Monday in September, 1962, certified to the state auditor, and notified the parties here-

in, that the total foundation, education and transportation funds apportioned to the plaintiff school district for the school year 1962–1963 was the sum of $777,510.14. At the same time, pursuant to I.C. § 33–1012, as it read in 1962 (S.L.1947, c. 257, § 5), the state board of education certified to the defendant board that the amount of such foundation, educational and transportation moneys which must be supplied by the Cassia county school tax levy was the sum of $146,116.90. Thereafter, the defendant, in the 1962 tax year, levied a tax sufficient to raise the sum certified, and actually paid over to the county school fund the sum of $148,809.95.

Prior to the convening of the 37th session of the legislature in January, 1963, the state board of education determined that the amount of money available in the public school income fund was insufficient to pay to the various school districts of the state the total amount of the state's share apportioned to such districts out of the fund, and that the total amount of the deficit was the sum of $1,173,692.00. Upon the convening of the 37th session of the legislature the state board of education certified to it a sum of money for a minimum educational program, for the 1963–1965 biennium, which would have required an appropriation by the legislature of $40,487,243.00. This certification included the 1962–1963 school year deficit of $1,173,692.00. During that session, the legislature made an extensive revision of the education code (S.L.1963, cc. 13, 322 and 323), and appropriated $40,000,000.00 to the public school income fund for the 1963–1965 biennium. (S.L. 1963, c. 429). However, the legislature did not indicate whether the 1962–1963 deficit was included in the said appropriation. At trial both parties agreed that the appropriation did not include the deficit.

After the adjournment of the 37th session of the legislature the state board of education informed plaintiff that its pro rata share of the deficit was $36,100.37, and that its 1962–1963 state apportionment was reduced by that amount. The plaintiff, having budgeted and committed expenditures based upon the original apportionment projected by the state board of education, demanded that the deficit be made up by a county tax to be levied by the defendant on the 1963 tax roll pursuant to I.C. § 33–1009(7). S.L.1963, c. 322, § 9(7).

The state board of education, acting on advice of the attorney general, refused to certify to the defendant the amount of the deficit. Defendant then refused to levy a tax sufficient to make up the deficit, and informed plaintiff that without certification by the state board of education, defendant was without authority to levy a tax for that purpose. Plaintiff then brought this action for a writ of mandate.

After trial, the district court denied the writ and plaintiff brought this appeal.

At the time the deficit arose the pertinent statutes were I.C. § 33–1011 (S.L.1961, c. 331, § 13), entitled, "Apportionment of school funds to counties" and I.C. § 33–1012 (S.L.1947, c. 257, § 5), entitled "County school tax levies—Amount and certification—Determination of county levies." I.C. § 33–1011, as amended in 1961 (S.L. 1961, c. 331, § 13), provided that in certain instances deficits should be carried over to the public school income fund and in other instances the counties should make up the deficit. The pertinent part of I.C. § 33–1012 (S.L.1947, c. 257, § 5) reads as follows:

"(a) Upon receipt of the annual reports of the county superintendent of public instruction as provided by law, the state board of education shall each year determine for each county the amount of money that must be supplied by the county school tax levy to provide for school districts, the minimum educational program and the minimum transportation program and tuition requirements required by this act, when added to other moneys provided for such purposes, and the *said board shall certify to the county commissioners that the amount so determined is to be provided by the county school levy of*

*such county;* \* \* \*." (Emphasis supplied.)

In the 1963 revision of the education code the prior I.C. § 33–1011 (S.L.1961, c. 331, § 13), now I.C. § 33–1009 (Idaho Code, Vol. 6A), was amended. The changes pertinent to the case at bar were (1) the deletion of instances in which a deficit was carried forward, and (2) the addition of an instance in which the county was required to make up the deficit. The prior I.C. § 33–1012 (S.L.1947, c. 257, § 5), now I.C. § 33–1011 (Idaho Code, Vol. 6A), was not changed in substance but now reads in part:

"Not later than the second Monday in September of each year *the state board of education shall determine and certify to the board of county commissioners* the amounts of money to be provided as follows:

"a. \* \* \*

"b. For the county school fund:

*Any amount as may be required to be provided under the provisions of section 33–1009;*

"c. \* \* \*" (Emphasis supplied.)

Appellant argues that I.C. § 33–1011, as it read after the 1961 amendment (S.L.1961, c. 331, § 13), now I.C. § 33–1009, placed a duty upon defendant to make up such deficit the following tax year regardless of certification by the state board of education.

The prior I.C. § 33–1011 (S.L.1961, c. 331, § 13), and the present I.C. § 33–1009, supra, provide only that certain deficits shall be *considered in computing county school levies.* This language cannot be construed to authorize any autonomous action on the part of the board of county commissioners. The duty of considering and computing the county's share of moneys to finance the foundation program lies with the state board of education. I.C. §§ 33–1009, 33–1011(b), (Idaho Code, Vol. 6A).

We have considered I.C. § 63–906 and conclude that it does not extend the power of the defendant to make levies of taxes for the county school fund, for the foundation program, beyond the amounts certified to it by the state board of education.

We have not considered the correctness of the advice given the state board of education by the attorney general. We hold only that defendant was without authority to make the demanded tax levy without a certification thereof from the state board of education. Such certification not having been made, there was no duty resting on defendant to make the levy, and the writ was properly denied. I.C. § 7–302.

Judgment affirmed.

Costs to respondents.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.